JOHN ELDER AND ROBERT NIXON v. WILLIAM A. GARNER, SHERIFF OF GENESEE COUNTY.

*Criminal law—Murder—Admission to bail—Jurisdiction—Mandamus.*

1. A circuit court commissioner has power to admit to bail a respondent committed for trial upon a charge of murder in the first degree, except in cases where the proof is evident or the presumption great; citing How. Stat. § 9479.

2. *Mandamus* will not lie to compel a sheriff to bring a prisoner, committed for trial on a charge of murder, before a certain circuit court commissioner on his application to be admitted to bail, where the answer of the sheriff shows that he believes that the commissioner is disqualified to act in the premises, and that he has reasonable grounds for such belief; no issue being asked to try the question, and there being another circuit court commissioner and a circuit judge, residents of the same county, by either of whom it will be presumed that the relator may be admitted to bail.

*Mandamus.*   Argued June 6, 1893.   Denied June 8, 1893.

Relators, who were committed for trial upon a charge of murder, applied for *mandamus* to compel the respondent sheriff to bring them before a certain circuit court commissioner, to the end that they might be admitted to bail.

*Gold & Johnson* and *J. M. Russell,* for relator Elder.

*Durand & Carton,* for relator Nixon.

*George F. Brown,* Prosecuting Attorney, for respondent.

PER CURIAM.   A circuit court commissioner has power to admit to bail a respondent committed for trial upon a charge of murder in the first degree, except in cases where the proof is evident or the presumption great.   How. Stat. § 9479.

In this case the answer shows that the commissioner is by the respondent believed to be disqualified from acting in the premises, and that respondent has reasonable grounds for such belief; and inasmuch as no issue was asked to try the question, and there appearing to be another commissioner and the circuit judge, both residents of said county, by either of whom it will be presumed that said relators may be admitted to bail, this Court will leave relators to such remedy, and will not interfere in this case by the discretionary writ of *mandamus.*